STATE OF NORTH CAROLINA v. WILLIAM MIKE FREEDLE

No. 7622SC68

(Filed 7 July 1976)

1. Automobiles § 2— habitual offender statute — validity

   Once the habitual offender provisions of G.S. 20-227 are invoked, the five-year period of that statute prevails over the three-year period of G.S. 20-227 applicable upon a third conviction of driving under the influence; furthermore, the habitual offender statute does not abrogate the discretionary powers vested in the Division of Motor Vehicles by G.S. 20-231.

2. Automobiles § 2— habitual offender statute — no unconstitutional grant of legislative power

   Provision of G.S. 20-222 that the Commissioner of Motor Vehicles "shall certify" a defendant's driving record for purposes of an habitual offender prosecution does not constitute an unconstitutional grant of legislative power because it fails to articulate any standard as to when the record is to be forwarded to the district attorney since the statute requires transmission of the record within a reasonable time.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 27 October 1975 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 5 May 1976.

Pursuant to a petition filed under G.S. 20-223, the State sought to have defendant declared an habitual offender under G.S. 20-221.

After a show cause hearing, the trial court declared defendant an habitual offender of the State's traffic laws and barred him from operating a motor vehicle upon State highways. From said judgment, defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray, for the State.*

*T. H. Suddarth, Jr., for defendant appellant.*

MORRIS, Judge.

G.S. 20-227, G.S. 20-19 (e) and G.S. 20-231 are the operative statutory provisions in defendant's first contention and before setting forth defendant's basic argument it would be helpful to review those three critical sections.

State v. Freedle

Under G.S. 20-227, enacted in 1969,

"No license to operate a motor vehicle in North Carolina shall be issued to an habitual offender,

(1) For a period of five years from the date of the judgment of the court finding such person to be an habitual offender and

(2) Until the privilege of such person to operate a motor vehicle in this State has been restored by judgment of the superior court division."

G.S. 20-19(e), enacted in its present substantive form in 1957, essentially provides that "when a license is revoked because of a third or subsequent conviction for driving or operating a motor vehicle while under the influence of intoxicating liquor or while under the influence of an impairing drug, occurring within 5 years after a prior conviction, the period of revocation shall be permanent; provided, that the Division may, after the expiration of three years, issue a new license . . ." upon compliance with certain conditions of behavior.

Finally, G.S. 20-231, enacted in 1969, provides in pertinent part that "[n]othing in this Article shall be construed . . . so as to preclude the exercise of the regulatory powers of any division, agency, department or political subdivision of this State having the statutory authority to regulate such operation and licensing."

Defendant, citing G.S. 20-231 and G.S. 20-19(e), contends that the trial court's entry of judgment abrogated the Division of Motor Vehicles' discretionary authority to regulate certain licensing procedures. We disagree.

[1] Our Supreme Court in *Cab Co. v. Charlotte*, 234 N.C. 572, 577, 68 S.E. 2d 433 (1951), stated the general principle of statutory interpretation that ". . . when the provisions of related statutes are irreconciliable, under reasonable interpretation, and one must give way to the other, ordinarily the last in point of enactment will prevail as being the latest expression of the legislative intent." We do not reach the question of whether these statutes are indeed irreconcilable, but suffice it to say that the five-year period of G.S. 20-227 must prevail over the three-year provision under G.S. 20-19(e) and we further hold that G.S. 20-227 does not undercut or abrogate the powers

vested in the Division of Motor Vehicles under G.S. 20-231. Once the habitual offender provisions are invoked, the seemingly inapposite statutory provisions must yield.

[2]   Defendant further contends that G.S. 20-222, which provides that the Commissioner "shall certify" a defendant's driving record for purposes of an habitual offender prosecution, fails to articulate any standard as to *when* the record is to be forwarded to the District Attorney and thus constitutes an unconstitutional grant of legislative authority. We disagree.

When read critically, this statute requires transmission of the record within a reasonable time period and we can find no unconstitutional delegation of legislative power to the Commissioner. Simply stated, there is no constitutional infirmity under this statute.

Wherefore, the judgment of the trial court is

Affirmed.

Judges PARKER and MARTIN concur.