IN RE: CLARENCE WOODS

No. 7612SC914

(Filed 20 April 1977)

**Automobiles § 2.9— revocation of license by DMV — subsequent habitual offender proceeding**

The permanent revocation of defendant's driver's license by the Division of Motor Vehicles pursuant to G.S. 20-19(e) upon his third conviction of driving under the influence was the performance of a ministerial duty and not a "judgment" which could preclude the superior court from acting on a petition to have defendant declared an habitual offender of the traffic laws as defined in G.S. 20-221.

APPEAL by the State of North Carolina from *Herring, Judge.* Judgment entered 2 July 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 12 April 1977.

This proceeding was instituted by the State, pursuant to G.S. 20-223, to determine whether defendant, Clarence Woods, is an habitual offender of the traffic laws within the meaning of G.S. 20-221.

Defendant answered and admitted that he had been convicted of driving under the influence of intoxicating liquor on 9 February 1971, 15 September 1972 and 17 September 1975. He further alleged that, on 7 October 1975, his license was permanently revoked pursuant to G.S. 20-17(2) and G.S. 20-19(e), by the Division of Motor Vehicles.

Defendant moved for summary judgment. The judge, in pertinent part, made the following conclusion of law:

"Because of the identity of parties and subject matter existing between the revocation of the respondent's privi-

lege to drive by the Department of Motor Vehicles and the parties, subject matter, facts, and relief sought in the pending action initiated by the State, the permanent revocation of the respondent's privilege to drive operates by reason of res judicata to bar this proceeding. The Court therefore concludes as a matter of law that by reason of res judicata the petitioner is not entitled to any relief in this cause."

The judge allowed defendant's motion for summary judgment against the State and dismissed the action.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin, for the State.*

*Kenneth E. Banks and Doran J. Berry, by Kenneth E. Banks, for respondent appellee.*

VAUGHN, Judge.

The order dismissing this proceeding must be reversed. The mandatory revocation by the Division of Motor Vehicles was nothing more than the performance of a ministerial duty by that administrative agency, which it was required to perform under G.S. 20-17(2) and G.S. 20-19(e). The revocation by the division is, in no sense, a "judgment" that can preclude the Superior Court from acting on a petition filed in that court pursuant to Article 8 of Chapter 20 of the General Statutes, entitled "Habitual Offenders."

In *State v. Freedle,* 30 N.C. App. 118, 226 S.E. 2d 184, a similar factual background was presented. Freedle's license had been permanently revoked because of three convictions for driving under the influence. An action was brought in the Superior Court to have him declared an "habitual offender" as defined in G.S. 20-221. Freedle appealed from the judgment declaring him an habitual offender and barring him from operating a motor vehicle on the highways of this State. Freedle did not argue that the division's action was "res adjudicata" so as to bar the action in the Superior Court. He argued, instead, that the habitual offender article was not intended to apply where the division had already imposed the mandatory permanent revocation. The Court overruled that argument and affirmed the judgment of the Superior Court.

The judgment dismissing the action is reversed. The case is remanded for hearing on the facts alleged in the petition.

Reversed and remanded.

Chief Judge BROCK and Judge CLARK concur.